O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | **CR 09-410 PSG** | Date | December 2, 2009 |
|---|---|---|---|
| Title | United States of America v. Eduardo Sanchez-Calderon | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                         Not Present

**Proceedings:**   (In Chambers) Order Denying Defendant's Motion to Withdraw Guilty Plea

Pending before the Court is Defendant's Motion to Withdraw Guilty Plea. After considering the moving and opposing papers and oral argument on the motion, the Court DENIES Defendant's motion.

I.   Background

On May 11, 2009, Defendant Eduardo Sanchez-Calderon ("Defendant") pleaded guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326. Born in Mexico in 1972, Defendant illegally came to the United States and eventually became a legal permanent resident in 1990, under the name Eduardo Sanchez Calderon and with an alien registration number ending in -472 ("the 472 record"). *See Mot.*, Ex. B. Shortly after obtaining legal permanent residency, Defendant was convicted of possessing cocaine for sale in 1992 and received probation. In 1993, he was arrested for receipt of stolen property, and immigration authorities issued a detainer on him under the name Ricardo Gomez-Lopez and under a different alien registration number. This number ended in -452 and did not reflect his status as a legal permanent resident ("the 452 record"). In 1994, an immigration judge deported Defendant under the 452 record. *See id.*, Ex. E. Defendant claims that he informed the authorities of his real name and his green card. *See Sanchez-Calderon Decl.* ¶ 2.

Since his deportation in 1994, Defendant returned to the United States on four other occasions and was deported each time. First, in 1996, he was convicted of shooting at an inhabited dwelling in the United States. He served two years of his prison term and was deported in 1998 pursuant to the original 1994 deportation order. At that time, Defendant

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

**CIVIL MINUTES - GENERAL**

| Case No. | **CR 09-410 PSG** | Date | December 2, 2009 |
|---|---|---|---|
| Title | United States of America v. Eduardo Sanchez-Calderon | | |

allegedly tried to explain that he was a legal permanent resident.  *See id.* ¶ 6.  Second, in 2000, he was found in the United States and was deported pursuant to the original 1994 deportation order, but he did not try to explain his lawful permanent residency on this occasion.  *See id.*  Third, in 2006, Defendant was again deported for illegally re-entering the United States.  This time, he informed his federal public defender that he was a legal permanent resident and provided his true name, but defense counsel did not further investigate this issue.  *See id.* ¶ 7.  Thirty days later, Defendant pleaded guilty and was deported.  Finally, in 2009, Defendant was again arrested in the United States and received a Notice of Intent/Decision to Reinstate Prior Order.  *See Mot.*, Ex. L.  In his acknowledgment of the Notice, Defendant signed the document under a different name, Ricardo Gomez-Lopez.  *See id.*  Although Defendant informed his new public defender that he was a legal permanent resident, his lawyer also did not pursue this issue.  Defendant subsequently pleaded guilty on May 11, 2009, but he now seeks to withdraw his plea.

II.     Legal Standard

After the district court accepts a guilty plea and before sentencing, the defendant may withdraw the plea if the defendant establishes "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  Fair and just reasons for withdrawing a guilty plea include "inadequate plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).  The defendant bears the burden of demonstrating the existence of at least one of these conditions.  *See United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

III.    Discussion

In his motion, Defendant seeks to withdraw his guilty plea in order to collaterally attack the 1994 deportation order, which was made on the basis of the 452 record.  To justify the withdrawal of his plea, Defendant claims that his legal permanent residency and the defects in the original 1994 deportation order qualify as a fair and just reason for withdrawal.  In opposition to the motion, the government argues that Defendant has failed to provide a fair and just reason that qualifies under Rule 11(d)(2)(B), that he cannot collaterally attack the deportation order because he has not exhausted his administrative remedies, and that he cannot show plausible grounds for relief from deportation.

Defendant has failed to present the Court with a fair and just reason for withdrawing his guilty plea.  In this case, Defendant must establish a "reason for withdrawing the plea *that did*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | **CR 09-410 PSG** | Date | December 2, 2009 |
|---|---|---|---|
| Title | United States of America v. Eduardo Sanchez-Calderon | | |

*not exist when the defendant entered his plea.*" *Ortega-Ascanio*, 376 F.3d at 883 (emphasis added). However, Defendant's legal permanent residency does not qualify as a fair and just reason because Defendant knew of his legal permanent residency at the time of his May 11, 2009 guilty plea. *See Mot.* 7:25-27 ("[T]he defense presents evidence that [Defendant] *knew existed*, and about which he told his counsel, but which was not considered by his defense counsel." (emphasis added)). Indeed, Defendant attempted to inform immigration authorities and both of his lawyers that he was a legal permanent resident, further indicating that Defendant knew of his legal permanent residency when he pleaded guilty in this case. Thus, Defendant's knowledge of his legal permanent residency and any defects with the 1994 deportation order relating to his status do not constitute reasons that "did not exist when [he] entered his plea." *See Ortega-Ascanio*, 376 F.3d at 883. Therefore, Defendant has failed to establish a fair and just reason to withdraw his guilty plea.[1]

IV.  Conclusion

Based on the foregoing, the Court DENIES Defendant Eduardo Sanchez-Calderon's Motion to Withdraw Guilty Plea. Sentencing is scheduled for January 11, 2010 at 9:00 a.m.

**IT IS SO ORDERED.**

---

[1] Whether Defendant's legal representation constitutes a fair and just reason for withdrawal was not addressed in the record.